UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PATRICIA DUNAY,
an individual,

        Plaintiff,

v.

Case No.: 5:23-cv-00060

EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,

        Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, PATRICIA DUNAY (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Equifax" or "Defendant"). In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

1. This is an action brought by an individual consumer for damages for Defendant's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Defendant failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files published by Defendant, with respect to an Insight credit card account, following the discharge order entered in Plaintiff's bankruptcy case. More specifically, Defendant inaccurately, incompletely, and

1

misleadingly credit reported a tradeline account furnished by Insight with a significant alleged balance due on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Equifax despite Plaintiff receiving a discharge order in her bankruptcy case—eliminating her personal liability with respect to any amount owed to Insight—and despite Defendant reporting Plaintiff's bankruptcy case as well as ten (10) other tradeline accounts as included in Plaintiff's bankruptcy case.

2. Furthermore, this is an action for damages for Equifax's violations of the FCRA wherein Equifax wholly ignored—and failed to investigate—dispute letters Equifax received from Plaintiff demanding investigations and re-investigations of the Insight tradeline account as required by the FCRA.

## JURISDICTION, VENUE & PARTIES

3. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq*.

4. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District.

5. Venue is proper in this District as the acts and transactions described herein originated in this District, Plaintiff filed her bankruptcy case in this district, and Plaintiff received a discharge order through her bankruptcy case in this district.

6. At all material times herein, Plaintiff is a natural person residing in Citrus County, Florida.

7. At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia with its principal place of

business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

## GENERAL ALLEGATIONS

8. At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

9. At all material times herein, Defendant credit reports information concerning a consumer line of credit account furnished by Insight and referenced by account number beginning 31- (hereinafter, the "Account" or "Insight Account").

10. At all material times herein, Defendant is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

11. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

12. All necessary conditions precedent to the filing of this action occurred, or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

### PLAINTIFF'S BANKRUPTCY CASE AND DISCHARGE ORDER

13. On or about March 19, 2019, Plaintiff filed a voluntary Chapter 7

bankruptcy case in the Middle District of Florida, Jacksonville Division, identified by case number 3:19-bk-00976-JAF (hereinafter, "Bankruptcy Case").

14. Plaintiff listed Insight in her Bankruptcy Case and bankruptcy schedules as an unsecured creditor with respect to two (2) accounts, including the Insight Account at issue in this case. Please see attached true and correct copies of relevant pages from Plaintiff's Chapter 7 Bankruptcy Petition labeled as Exhibit "A."

15. Plaintiff did not reaffirm the line of credit Account—owed to Insight—through her Bankruptcy Case.

16. On or before June 29, 2019, the United States Bankruptcy Court entered an order of discharge (hereinafter, "Discharge Order") in Plaintiff's Bankruptcy Case. Please see attached a true and correct copy of the Discharge Order labeled as Exhibit "B."

17. The Discharge Order eliminated Plaintiff's personal liability with respect to any balance owed to Insight on the line of credit loan account beginning in 31- (i.e., the Account).

18. As such, as of June 27, 2019, Plaintiff did not personally owe a balance to Insight on the Account.

**EQUIFAX'S CREDIT REPORTING OF THE INSIGHT ACCOUNT**

19. On or about January 25, 2021, Plaintiff obtained a copy of her credit disclosure report from Equifax. Please see attached true and correct copies of relevant pages from said Equifax disclosure report labeled as Exhibit "C."

20. Despite Plaintiff including the Insight Account in her Bankruptcy Case

and receiving the Discharge Order eliminating her personal liability with respect to any balance allegedly owed on the Account, and despite Equifax reporting one (1) of Plaintiff's Insight tradeline accounts ending in account number -1463 as included in and discharged through Plaintiff's Bankruptcy Case, Equifax reported the Insight Account with an alleged balance past-due in excess of $7,400.00 and failed to mark or otherwise notate that the Insight Account was included in and discharged through Plaintiff's Bankruptcy Case.

21. Importantly, Equifax reported the Insight Account as opened in 2015 and reported that Plaintiff filed her Bankruptcy Case on March 19, 2019.

22. Therefore, Equifax clearly knew that the Insight Account preceded the date of Plaintiff's Bankruptcy Case and therefore should also be marked as included in and discharged through Plaintiff's Bankruptcy Case without reporting a balance due or past-due from Plaintiff personally.

23. After the date the Discharge Order was entered in Plaintiff's Bankruptcy Case, Equifax prepared and published Plaintiff's credit information to Plaintiff's current creditors and potential lenders which included the Insight Account with a significant balance due from Plaintiff personally and which failed to mark the Insight Account as included in or discharged through Plaintiff's Bankruptcy Case.

**PLAINTIFF'S DISPUTES TO EQUIFAX UNDER THE FCRA**

24. On or about March 30, 2021, Plaintiff sent a letter to Equifax, with the assistance of her attorney, disputing Defendant's reporting of the Insight Account (hereinafter, "First Dispute"). Please see attached a true and correct copy of said First

Dispute labeled as Exhibit "D."

25. More specifically, Plaintiff's First Dispute advised Defendant that Plaintiff filed her Bankruptcy Case, listed the Insight Account in her Bankruptcy Case, and received a Discharge Order. *See* Ex. D.

26. Based on such information, Plaintiff's First Dispute advised that the Insight Account should not be reported as "CHARGE_OFF" with a balance in excess of $7,000.00, and instead, *should* be reported as "closed" with a zero-dollar ($0.00) balance due and past-due, and noted as discharged through Plaintiff's Bankruptcy Case. *See* Ex. D.

27. Equifax received Plaintiff's First Dispute.

28. Plaintiff's First Dispute provided Equifax with sufficient personal information regarding Plaintiff to allow Equifax to identify Plaintiff's credit file and the disputed Insight Account.

29. Plaintiff did not receive a response from Equifax regarding her First Dispute.

30. Equifax failed to communicate Plaintiff's First Dispute to Insight and failed to conduct an investigation in response the First Dispute.

31. On or about July 20, 2021, Plaintiff obtained a copy of her consumer disclosure report from Equifax. Please see attached true and correct copies of relevant pages from said Equifax disclosure report labeled as Exhibit "E."

32. As of July 20, 2021, and following Plaintiff's First Dispute, Defendant continued to report the Insight Account with a balance in excess of $7,400.00, failed

6

to mark or indicate that the Account was discharged through Plaintiff's Bankruptcy Case, and failed to mark the Account as disputed. *See* Ex. E.

33. Importantly, Equifax reported the Insight Account as opened in 2015 and reported that Plaintiff filed her Bankruptcy Case on March 19, 2019. *Id.*

34. Additionally, Equifax reported *at least* ten (10) other tradeline accounts as "INCLUDED_IN_BANKRUPTCY," "Bankruptcy Chapter 7," and/or "Bankruptcy Discharged."

35. On or before August 4, 2021, Plaintiff sent *another* letter to Equifax, with the assistance of her attorney, *again* disputing Defendant's reporting of the Insight Account (hereinafter, "Second Dispute"). Please see attached a true and correct copy of said Second Dispute labeled as Exhibit "F."

36. Plaintiff's Second Dispute *again* advised Defendant that she filed her Bankruptcy Case, listed the Insight Account, and received a Discharge Order. *See* Ex. F.

37. Based on such information, Plaintiff's Second Dispute advised that the Account should not be reported as "CHARGE_OFF" with a balance in excess of $7,000.00, and instead, *should* be reported as "closed" with a zero-dollar ($0.00) balance due and past-due, and noted as discharged through Plaintiff's Bankruptcy Case. *See* Ex. F.

38. Equifax received Plaintiff's Second Dispute.

39. Plaintiff's Second Dispute provided Equifax with sufficient personal

7

information regarding Plaintiff to allow Equifax to identify Plaintiff's credit file and the disputed Account.

40. Plaintiff did not receive a response from Equifax regarding her Second Dispute.

41. Equifax failed to communicate Plaintiff's Second Dispute to Insight and failed to conduct an investigation in response the Second Dispute.

42. As such, Equifax did not make any changes to the Account in response to Plaintiff's Second Dispute and continued reporting the Account with a balance past-due yet failed to report the Insight Account as included in and discharged through Plaintiff's Bankruptcy Case.

43. After the date of the Discharge Order was entered in Plaintiff's Bankruptcy Case, Equifax prepared and published Plaintiff's credit information to her current creditors and potential lenders which included the Insight Account with a balance past-due and reported the Account as a charged-off yet failed to mark the Insight Account as included in or discharged through Plaintiff's Bankruptcy Case.

44. More specifically, Equifax prepared and published Plaintiff's credit information containing errors, inaccuracies, and misleading information between July 2019 and September 2021 at minimum, resulting in account review inquires and promotional inquires on Plaintiff's credit report as maintained by Equifax.

## DAMAGES

45. As a result of Defendant's erroneous and inaccurate reporting of the Account with a significant balance due from Plaintiff personally, Plaintiff further dealt

with the stress and anxiety of feeling hopeless, believing that she will be denied credit as a result of the erroneous and incorrect reporting of the Account if she needs to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

46. Overall, Plaintiff suffered damage to her credit reputation as a result of Defendant's conduct.

47. Plaintiff retained Swift Law PLLC as well as The Hubbard Law Firm, PLLC for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

48. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

49. As a result of Defendant's conduct, actions, and inactions, Plaintiff was denied credit and was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with erroneous and misleading information.

50. Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and

confusion, believing that despite Plaintiff's exhaustive efforts to remedy Defendant's reporting errors, Plaintiff must simply endure Defendant's inaccurate and unlawful reporting of the Account.

**COUNT ONE:
FAIR CREDIT REPORTING ACT –
<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)</u>**

Plaintiff re-alleges paragraphs one (1) through fifty (50) as if fully restated herein and further states as follows:

51. Equifax is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

52. Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Insight Account.

53. More specifically, Defendant reported Plaintiff's Bankruptcy Case in the public records section of her credit reports and credit file and also reported at least ten (10) other tradeline accounts that had been discharged through Plaintiff's Bankruptcy Case as discharged with a zero-dollar ($0.00) balance due or past-due.

54. Furthermore, Plaintiff listed two Insight accounts in her Bankruptcy Case and received a discharge order with respect to both Insight accounts, Equifax accurately reported the Insight account ending in -1463 as discharged through bankruptcy with no balance due or past-due.

55. However, months after Plaintiff received the Discharge Order in her Bankruptcy Case, Defendant continued to report the Insight Account at issue in this case as "CHARGE_OFF" with a balance due from Plaintiff in excess of $7,400.00 while failing to notate that the Insight Account was included in and discharged through Plaintiff's Bankruptcy Case.

56. Importantly, Equifax reported the Insight Account as opened in 2015 and reported that Plaintiff filed her Bankruptcy Case on March 19, 2019.

57. Therefore, Equifax clearly knew that the Insight Account preceded the date of Plaintiff's Bankruptcy Case and therefore should also be marked as discharged through Plaintiff's Bankruptcy Case without reporting a balance due, as Equifax reported Plaintiff's Insight account ending in -1463.

58. Additionally, despite Plaintiff *repeatedly* advising Equifax that the Account was listed in—and discharged through—Plaintiff's Bankruptcy Case and therefore should be reported as closed, discharged through bankruptcy, and with a zero-dollar ($0.00) balance due or past-due, Equifax continued to prepare Plaintiff's credit reports with inaccurate and materially misleading information.

59. Following Plaintiff's two (2) disputes, Equifax continued to report the Account as "CHARGE_OFF" with a balance in excess of $7,400.00, failed to mark or indicate that the Account was discharged through Plaintiff's Bankruptcy Case, and failed to mark the Insight Account as disputed on Plaintiff's Equifax credit reports and in Plaintiff's Equifax credit file.

60. Overall, Equifax maintained credit files concerning Plaintiff and

published information regarding Plaintiff to third-parties which included Equifax's inaccurate reporting of the derogatory Account.

61. Defendant clearly failed to maintain procedures to maintain maximum possible accuracy. If Defendant maintained—and followed—such procedures, Defendant's reporting of the Insight Account would be the same as the other tradeline accounts Defendant reported as included in and discharged through Plaintiff's Bankruptcy Case.

62. Equifax's reporting of the Account was patently inaccurate and further evidences Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

63. Equifax prepared and published Plaintiff's credit information containing errors, inaccuracies, and misleading information between July 2019 and September 2021 at minimum, resulting in account review inquires and promotional inquires on Plaintiff's credit report as maintained by Equifax.

64. As a result of Defendant's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with a balance due.

65. Defendant's actions were a direct and proximate cause of, as well as a

substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

66.   Defendant's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i</u>**

Plaintiff re-alleges paragraphs one (1) through fifty (50) as if fully restated herein and further states as follows:

67.   Equifax is subject to, and violated the provisions of, 15 United States Code, Sections: 1681i(a)(1) by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; Section 1681i(a)(2) by failing to promptly notify Insight of Plaintiff's disputes; Section 1681i(a)(4) by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; Section 1681i(a)(5) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified; and Section 1681i(a)(6) by failing to provide Plaintiff with written notice of Defendant's re-investigation results following any of Plaintiff's disputes.

68. Specifically, Equifax willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's First Dispute and Second Dispute, as described herein.

69. Following Plaintiff's First Dispute and Second Dispute—which Equifax received—Plaintiff did not receive any responses from Equifax.

70. Equifax failed to communicate Plaintiff's First Dispute and Second Dispute to Insight and failed to conduct an investigation in response the First Dispute and Second Dispute.

71. Overall, Plaintiff's First Dispute and Second Dispute each provided Equifax with sufficient information allowing Equifax to identify its reporting errors with respect to the Account, and therefore, to correct its inaccurate reporting.

72. Equifax did not request any documents from Insight corroborating information furnished and verified by Insight to Equifax regarding Plaintiff and the Account in response to Plaintiff's repeated disputes.

73. In fact, Equifax failed to promptly notify Insight regarding each of Plaintiff's disputes.

74. Moreover, Equifax did not provide, and Plaintiff never received, any results of Equifax's investigations or re-investigations in response to Plaintiff's two (2) disputes.

75. Following Plaintiff's two (2) disputes, Equifax continued to report the Account as "CHARGE_OFF" with a balance in excess of $7,400.00, failed to mark or indicate that the Account was discharged through Plaintiff's Bankruptcy Case, and

failed to mark the Insight Account as disputed on Plaintiff's Equifax credit reports and in Plaintiff's Equifax credit file.

76. As such, to the extent Equifax conducted any re-investigations in response to Plaintiff's repeated disputes, Equifax's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and Equifax failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

77. Such reporting is false and evidences Equifax's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

78. Equifax's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Equifax because Equifax clearly possessed the ability to identify at least ten (10) other accounts that were included in Plaintiff's Bankruptcy Case and reported such accounts accurately, including Plaintiff's Insight account ending in -1463.

79. Equifax's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

80. Equifax's reinvestigations were *per se* deficient by reason of these failures in Equifax's reinvestigations of Plaintiff's disputes and the Account.

81. As a result of Defendant's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the

Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with a balance due and past-due.

82.  Defendant's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

83.  Defendant's actions in violation of 15 United States Code, Section 1681i, constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Equifax's conduct, Plaintiff respectfully requests an entry of:

    a.  Judgment against Equifax for maximum statutory damages for violations of the FCRA;

    b.  Actual damages in an amount to be determined at trial;

    c.  Compensatory damages in an amount to be determined at trial;

    d.  Punitive damages in an amount to be determined at trial;

    e.  An award of attorney's fees and costs; and

    f.  Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

## NOTICE OF LEAD COUNSEL DESIGNATION – LOCAL RULE 2.02

Pursuant to Middle District of Florida Local Rule 2.02(a), Plaintiff hereby designates Aaron M. Swift, Esq. as Lead Counsel for Plaintiff.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 0093088**
Jordan T. Isringhaus, Esq., FBN 0091487
Sean E. McEleney, Esq., FBN 125561
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com

*~and~*

**THE HUBBARD LAW FIRM, PLLC**
**James R. Hubbard, Esq., FBN 121405**
120 E Pine Street, Suite 7
Lakeland, FL 33801
Phone: (863) 617-5206
lawofficeofjameshubbard@gmail.com
*Co-Counsel for Plaintiff*